*124 The opinion of the Court was delivered by
Daegan, Ch.
I concur with the Chancellor who tried the cause on Circuit, that a widow is not dowable of lands held by her deceased husband in trust; and that the principle is the same in a case of resulting trust. But I think, that both in regard to the plantation called “ the Bower,” and that called “ Stock Farm,” the trusts were executed by the statute of uses eo instanti upon the execution of the deeds, by which they were conveyed to John McNish as trustee. And that, therefore, when at a subsequent period, Charles Lycurgus McNish was by an order of the Court substituted as a trustee in the place of John McNish, there was in fact no trusteeship to which he could be substituted. According to this view, he was never seized of the legal- estate as trustee.
But were it otherwise, I do not perceive, that the case would be materially varied. Where a trustee becomes the purchaser of the trust estate, the beneficiaries can vacate the sale, or hold him as bound by the purchase at their option. If they acquiesce in, or confirm the purchase, the title remains in him, and cannot be disturbed, or questioned by any other person. Then it becomes an absolute estate in the trustee, discharged of the trust, and the widow is of course entitled to her dower. Supposing that Lycurgus McNish was seized of this land as trustee, by an order of the Court it was sold by the commissioner, and was purchased at one thousand five hundred dollars, (its true value,) by Lycurgus McNish, to whom the commissioner executed and delivered titles. The beneficiaries, (of whom Lycurgus himself was one,) now acquiesce in the sale, and do not proceed to vacate it. They do more; they confirm the sale by dividing, and appropriating among themselves the purchase money. Who else had a right to question his title? And how can it be said, that his title was not perfect, so as to give him an estate in fee; and his wife a right to her dower.
I am not sure, in a case like this, where the trustee was him *125 self a beneficiary, and purchased, not at his own sale, but at a sale by a public officer under a decree or judgment, for a full price and without fraud, that the sale ought not to stand.
Suppose the case of a strictly technical trust, and that the cestui que trust sells, and transfers to the trustee his equity. The contract would stand until it was impeaehed by the cestui que trust. But if the latter never proceeded for a vacation of the sale, but acquiesced in, and confirmed it, the title of the trustee would become perfect, and discharged of the trust. And there would be no reason why the widow would not be entitled to her dower.
I have said, that Lycurgus McNish was never seized of the legal estate in the land as trustee; or if he was, that trust was discharged as respects the land by the sale and conveyance to him under the circumstances which I have noticed. But by his appointment as trustee, and his receipt of the purchase money from the commissioner in that capacity, a trust attached upon the fund arising from the sale of the land, and he became liable for it in that character.
Pope, the plaintiff in this suit, was the surety of Lycurgus McNish on his trust bond. ' And when the latter became the purchaser of the land, Pope took from him a mortgage of it, by way of indemnity, or collateral security, against his liability as surety on the trust bond. When Lycurgus McNish sold the land to Guerard, it was subject to two charges or incumbrances ;• namely, Pope’s mortgage, and his own wife’s contingent claim of dower. Pope was willing to discharge his .mortgage, if Guerard would pay into his hands the money due to the trust estate, for which he was responsible. This was done, and Pope’s mortgage was released. It remained for Guerard to protect his title against the contingent claim of dower in the wife of Lycurgus McNish. This was done in the following manner: Guerard contracted for the land at two thousand and twenty-five dollars. The whole of this sum was paid to Pope, for the purpose of paying the debt due to the trust estate; *126 and the balance, or so much of it as should be necessary, was to be applied to the extinction of the claim of dower. Pope stipulated with Guerard to procure the .relinquishment of the dower, or otherwise to return him the money. It will be profitable to refer back to former proceedings between the same parties. In the case of Honoria McNish and others vs. F. P. Pope and others, it is said in the appeal decree of this Court, “the decision of the Chancellor is, not that the widow of Lycurgus McNish is entitled to dower in the premises purchased by him at the Commissioner’s sale, but merely, that if she is, the fund in the hands of Pope should be subject to the value of her dower. We think his decision is right, and that he has properly exercised his discretion to retain for a reasonable time so much of the fund as may be required to meet her claim.” Here is an adjudication, that if the widow of Lycurgus McNish is entitled to dower, the money paid by Guerard to Pope is an appropriate fund for its satisfaction. The same appeal decree proceeds thus: “ the purchase of the premises by Lycurgus may have been subject to an avoidance by those interested in the land, on the ground that he was a trustee; but being parties to the proceeding under which the sale was made, they waived their equity by assenting to the confirmation of the purchase.”
“ That confirmation was a waivér of all equities in the land, and by his bond Lycurgus became trustee for the price of one thousand five hundred dollars, obtained for the land; and Pope became. surety for the trusts undertaken.” Here it is decided, that Lycurgus McNish took from the commissioner a title discharged of the equities of the beneficiaries of the trust to have that title set eside. It follows as a necessary consequence that the widow is entitled to her dower, as that equity constituted the only objection to her claim, in the view of the Oircut Court.
We have thus arrived at the conclusion, that the widow is entitled to her dower, and that the fund in Pope’s hands is a *127 fund appropriate for its satisfaction. It does not follow, that her suits at law ought to have been enjoined, and she brought into this Court for the purpose of being compelled to take satisfaction of her dower out of a fund which third parties have provided for that purpose, without her consent or contract. But as she is now a party before the Court, and .consents to have satisfaction of her dower out of the fund in Pope’s hands, and to prevent circuity of action, we have thought it best to retain her in this Court, and to award her that satisfaction on her claim of dower, which she was proceeding to recover, in the Law Court, when her action was . arrested by the injunction of this Court.
It is ordered, and decreed, that so much of the circuit decree (from which this appeal is taken) as adjudges, that the widow of Lycurgus McNish, now Mrs. Miller, is not entitled to dower in the land conveyed by the commissioner in equity to Lycurgus McNish, by deed dated, 1st of March, 1841, be reversed.
It is ordered, and decreed, that the said Mrs. McNish, now Mrs. Miller, is entitled to her dower in said premises.
It is further ordered, and decreed, that satisfaction be made of said claim of dower, out of the balance of the fund in Pope’s hands paid to him by Gruerard, as has been stated, and that the said Pope do account for said balance, (being one-fourth of the purchase money of the land) from the date of the sale by the commissioner to Lycurgus McNish, to wit., from the first day of March, 1850.
By the Act of 1824, where the land has been alienated by the husband in his lifetime, the dower is to be assessed upon the valuation at the time of the alienation, with interest. By this provision I understand, that the dower is to be assessed upon the true value at the time of alienation, and that the interest is to be given from the death of the husband, when the right of dower accrues. She is not restricted to the price which the husband obtains (which in some cases may be nominal, or much beneath the market value,) but she may prove *128 that the land is worth more, and have her dower assessed upon such higher estimate. It may be assumed however in this case, that the price given by Guerard to Lycurgus McNish, i. e., two thousand and twenty-five dollars, was a fair and full price ; more particularly, as we have heard nothing to the contrary, and the counsel for the appellants has intimated a willingness to have the dower assessed upon that valuation.
It is therefore ordered, and decreed,-that the said Mrs. Me Nish, now Mrs. Miller, is entitled as the value of her dower in said land, to the one-sixth part ef the said sum of two thousand and twenty-five dollars, that is to say, the assessed value of her dower, according to the established rules for estimating the same, is three hundred and thirty-seven dollars and fifty cents, with the interest thereon from the death of Lycurgus McNish ; the date of which event does not appear in the bi’ief. It is ordered, that the commissioner do enquire as to the day of the death of Lycurgus McNish, and that he calcu. late the interest from that time on the said sum of three hundred and thirty-seven dollars and fifty cents, and that he collect the said principal and interest from the said Franklin P. Pope, and that he pay the same to the said Alvin N. Miller and Ann Miller his wife in satisfaction of her claim of dower aforesaid.
It is further ordered and decreed, that after satisfying the said claim, the remnant of said fund, be paid to the beneficiaries of the said trust.
It is further ordered and decreed, that the plaintiff Pope do pay the costs of this suit and the costs of the suits at law, for the recovery of dowry.
Johnston, Ch., concurred.